UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEREMIAH JAMES JUNEAU** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-1152** |
| **ORLEANS PARISH, ET AL.** | **SECTION: "S"(3)** |

### PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Jeremiah James Juneau, a state inmate, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983.[1] He sued Orleans Parish, the Orleans Parish Sheriff's Office, and Deputy Brandon Jackson. The complaint alleges that Deputy Jackson used excessive force to effect plaintiff's arrest.[2]

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] Rec. Doc. 1. This lawsuit was originally filed in the United States District Court for the Middle District of Louisiana. However, it was subsequently transferred to this Court. Rec. Doc. 3.
[2] In the complaint, plaintiff also alleges that he has not received proper medical care. However, if he intended to assert a claim based on those allegations, he failed to name a proper defendant with respect to such a claim.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing the complaint,[3] the undersigned recommends that, for the following reasons, plaintiff's claims against Orleans Parish and the Orleans Parish Sheriff's Office be dismissed as frivolous and/or for failing to state a claim on which relief may be granted.

## Claim Against Orleans Parish

Plaintiff has named Orleans Parish as a defendant. However, as the United States Fifth Circuit Court of Appeals has explained:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official policy or custom. The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). Further, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); see also Wetzel v. Penzato, Civ. Action No. 09-7211, 2009 WL 5125465, at *3 (E.D. La. Dec. 23, 2009). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); Wetzel, 2009 WL 5125465, at *3.

In the instant case, plaintiff does not allege that his constitutional rights were violated as a result of a policy or custom, much less identify such a policy or custom. Accordingly, the claim against the parish should be dismissed.

---

[3] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

### Claim Against the Orleans Parish Sheriff's Office

Plaintiff has also sued the Orleans Parish Sheriff's Office. However, a parish sheriff's office simply is not a legal entity subject to suit. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 283 (5th Cir. 2002); see also Givens v. Orleans Parish Sheriff's Office, Civ. Action No. 15-732, 2015 WL 5971183, at *2 (E.D. La. Oct. 14, 2015); Naquin v. Orleans Parish Sheriff's Office, Civ. Action No. 11-2878, 2012 WL 262988, at *3 (E.D. La. Jan. 9, 2012), adopted, 2012 WL 262877 (E.D. La. Jan. 30, 2012); Jacobson v. Gusman, Civ. Action No. 09-3695, 2009 WL 2870171, at *2 (E.D. La. Aug. 10, 2009), adopted, 2009 WL 2957961 (E.D. La. Aug. 26, 2009); Haywood v. Gusman, Civ. Action No. 06-3517, 2008 WL 516714, at *3 (E.D. La. Feb. 26, 2008). Accordingly, the claim against the Orleans Parish Sheriff's Office should likewise be dismissed.

### Claim Against Deputy Brandon Jackson

Lastly, plaintiff has sued Deputy Brandon Jackson, alleging that Jackson used excessive force to effect plaintiff's arrest on January 9, 2017. Because an officer in his individual capacity can properly be sued with respect to such a claim in some circumstances, the claim against Jackson should be allowed to proceed pending further development.

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against Orleans Parish and the Orleans Parish Sheriff's Office be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

It is **FURTHER RECOMMENDED** that plaintiff's excessive force claim against Deputy Brandon Jackson be allowed to proceed pending further development.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-eighth day of February, 2018.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**